UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERRY L. DAWSON                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:08CV563TSL-JCS

RAYMOND R. BURNETTE AND
CAROLINA SOUTHERN, INC.                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Raymond R. Burnette and Carolina Southern, Inc. for partial summary judgment on the issue of punitive damages, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Jerry L. Dawson has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Plaintiff filed this action seeking to recover damages for injuries he sustained in an automobile accident on November 21, 2005, in which the vehicle he was driving collided with an 18-wheeler owned by defendant Carolina Southern and operated by Jerry Burnette, an employee of Carolina Southern. Immediately prior to the accident, both Burnette and Dawson were traveling in the northbound lanes of South State Street in Jackson, with Dawson in the left lane and Burnette in the right. According to plaintiff,

at the intersection of South State Street and the exit ramp for Highway 80, Burnette turned across the left lane so that he could make a U-turn, causing a collision with plaintiff's vehicle. Plaintiff charges that Burnette's attempted U-turn was an unsafe maneuver under the circumstances, as he crossed over the left lane from the right lane at a time when plaintiff's vehicle was in close proximity; and he maintains that although Burnette was clearly in a position to see his vehicle prior to entering the left lane, Burnette was negligent in failing to keep a proper lookout as he proceeded to make a left turn from the right lane at a slow rate of speed.

In addition to seeking compensatory damages, plaintiff has demanded an award of punitive damages, claiming that Burnette's conduct was willful, wanton, grossly negligent and exhibited a reckless disregard for the rights and safety of plaintiff, in that Burnette "[failed] to exercise ordinary reasonable care to keep a reasonable and proper lookout for other vehicles," "[failed] to yield the right of way," and "[failed] to maintain proper control of the 18-wheeler while executing a U-turn, thereby intentionally causing [damages to plaintiff]." Defendants have moved for partial summary judgment on the claim for punitive damages, contending that, as a matter of law, plaintiff's allegations do not support the imposition of punitive damages.

Mississippi's punitive damages statute provides that in any action in which punitive damages are sought,

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. § 11-1-65(a). The Mississippi Supreme Court has held that, "[p]unitive damages are to be assessed only in extreme cases, and since they are intended as an example and warning to others, they should be allowed only with caution and within narrow limits." Wallace v. Thornton, 672 So. 2d 724, 728 (Miss. 1996) (citations omitted). See also Boling v. A-1 Detective & Patrol Serv., Inc., 659 So. 2d 586, 588-89 (Miss. 1995)(punitive damages not appropriate in cases of simple negligence).

"When deciding whether to submit the issue of punitive damages to a trier of fact, the trial court looks at the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." Bradfield v. Schwartz, 936 So. 2d 931, 936 (Miss. 2006) (citing Ross-King-Walker, Inc. v. Henson, 672 So. 2d 1188, 1191 (Miss. 1996)). Thus, "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct ... evidences willful or wanton conduct or the commission of a fraud." Id. at 937.

In response to defendants' motion, plaintiff makes no substantive argument based on the evidence. Instead, he asserts simply that this court should not undertake to determine whether or not there is sufficient evidence to submit the issue of punitive damages to the trier of fact until "all testimony has been heard from the witness stand," particularly in view of § 11-1-65(c) and (d), which state,

> (c) If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact.
> (d) The court shall determine whether the issue of punitive damages may be submitted to the trier of fact; and, if so, the trier of fact shall determine whether to award punitive damages and in what amount.

Implicit in plaintiff's argument, and his related citation to Bradfield, supra, is his position that in all cases where punitive damages are claimed as an element of damages, the court is required to allow the issue to remain in the case until the compensatory damages portion of the trial is completed, and to proceed to the punitive damages evidentiary hearing if compensatory damages are awarded. See Bradfield, 936 So. 2d at 937 (observing that § 11-1-65 "requires that evidence concerning punitive damages be presented separately at a subsequent evidentiary hearing to take place, if and only if, the jury has awarded some measure of compensatory damages"). The court rejects

4

plaintiff's argument for reasons cogently explained by Judge Starrett in Barnett v. Skelton Truck Lines, Ltd., where he wrote,

> The Bradfield court specifically held that the burden is on the plaintiff to show that a question of fact exists to warrant the submission of the issue of punitive damages to the jury. There is no language in the opinion which negates the use of summary judgment to test the plaintiff's evidence. Whether the plaintiff's burden is satisfied is still subject to the summary judgment requirement that the plaintiff show that a genuine issue of material fact exists which warrants the punitive claim surviving to the trial stage.

Civ. Action No. 2:05cv2047-KS-JMR, 2006 WL 2056632, at 4 (S.D. Miss. July 21, 2006). See also Francois v. Colonial Freight Systems, Inc., Civ. Action No. 3:06-cv-434-WHB-LRA, 2007 WL 4459073, 3 (S.D. Miss. Dec. 17, 2007) (agreeing with analysis in Barnett, and holding that Bradfield decision does not bar a court from considering the issue of punitive damages at the summary judgment stage).

"In the automobile context, the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations." Walker v. Smitty's Supply, Inc., 5:06CV3-DCB-JMR, 2008 WL 2487793, 6 (S.D. Miss. May 8, 2008). For example, in Mayfield v. Johnson, 202 So. 2d 630 (Miss. 1967), the court, considering the record evidence, observed there was "no doubt that the appellee did not keep a proper lookout and have his car under control to avoid striking the rear end of the appellant's station wagon," and there was "little doubt that the appellee was operating his motor vehicle in

5

excess of the forty mile per hour regulation." The court concluded, however, that the evidence did not warrant consideration of punitive damages, especially where there was also proof that the appellee had put on his brakes and tried to stop before hitting the appellee's car. The court wrote, "If under the facts of this case it can be properly held that punitive damages would be allowed, then there would be a deluge of cases seeking punitive damages whenever one vehicle was struck from the rear by another vehicle which was being driven at a speed in excess of the speed allowed and when the driver of the vehicle was not keeping a sharp lookout." Id. at 630.

In Maupin v. Dennis, 252 Miss. 496, 499, 175 So. 2d 130, 131 (Miss. 1965), the court considered a claim for punitive damages where a 16-year old driver struck a vehicle parked on the side of the street while attempting to pass another vehicle. The court held that while the evidence supported a finding that the defendant driver was negligent by driving at an excessive rate of speed, failing to keep his car under control and failing to keep a proper lookout, the conduct of the defendant driver "did not indicate any willful or wanton disregard for the safety or property of others, but simply negligence in failing to exercise due care in the operation of his car." The trial court had therefore erred in submitting the issue of punitive damages to the jury. Numerous other comparable cases have found punitive damages

6

unavailable where the plaintiff's allegations support a finding of mere negligence. See, e.g., Francois, Civ. Action No. 3:06-cv-434-WHB-LRA, 2008 WL 4459073 (granting partial summary judgment on punitive damages claim where only proof offered by plaintiff was to the effect that the defendant's driver's actions fell below the standards set forth for operators of commercial motor vehicles; that defendant's driver rear-ended a vehicle that was clearly there to be seen in front of him; that defendant's driver failed to search for other vehicles as evidenced by the fact that he rear-ended the vehicle driven by the plaintiff; and that defendant's driver failed to operate his tractor-trailer in a safe manner); Wimbley v. Mathis, Civil Action No. 4:93-cv-208, 1994 WL 1890940, at *2-3 (N.D. Miss. Dec. 27, 1994) (finding that allegations that driver failed to keep his vehicle under proper control, failed to keep a proper lookout ahead, failed to obey a stop sign and yield the right of way, and failed to operate his vehicle in accordance with applicable statues, was not sufficient to establish gross negligence or reckless disregard for the purpose of awarding punitive damages under Mississippi law).

In the case at bar, defendants point out that pursuant to Jackson city ordinance, a U-turn is a legal maneuver unless there is a sign prohibiting U-turns, and they note that there was no such sign on South State Street. They note that Burnette activated his left turn signal and, according to his unchallenged

7

testimony, checked his mirrors before starting to turn and yet did not see plaintiff's vehicle at that time. However, when he reached down to activate his hazard lights, he glimpsed plaintiff's vehicle in his mirror and undertook to stop. Defendants note, too, that the accident occurred in the early morning hours--between 5:30 and 6:00 a.m.--when there was very little traffic.

In the court's opinion, it is manifest that plaintiff has failed to establish a genuine issue of material fact with regard to whether Burnette's alleged conduct, namely his alleged failure to operate his tractor-trailer in a safe manner and failure to maintain a proper lookout for other vehicles, rises to the level necessary to award punitive damages under Mississippi law. Burnette's conduct, as alleged and sought to be proven by plaintiff, amounts only to simple negligence in failing to exercise due care in the operation of the vehicle, and does not indicate any willful or wanton disregard for the safety or property of others. Accordingly, defendants are entitled to summary judgment on plaintiff's claim for punitive damages.[1]

---

[1] Defendant Carolina Southern would be entitled to summary judgment on this claim in any event, inasmuch as it cannot be held vicariously liable for punitive damages on account of the conduct of its employee. See Bradley v. Wal-Mart Stores, Inc., Civ. Action No. 2:04-cv-360, 2006 WL 2792338, at *4 (S.D. Miss. Sept. 27, 2006) (§ 11-1-65 "absolutely forecloses vicarious liability for punitive damages") (citing Duggins v. Guardianship of Washington, 632 So. 2d 420, 423 (Miss. 1993)).

Based on the foregoing, it is ordered that defendants' motion for partial summary judgment on plaintiff's claim for punitive damages is granted.

SO ORDERED this 20th day of July, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT